Neil & Company, Inc., Respondent, vs. Wisconsin Telephone Company and another, Appellants, and United States National Bank, Appellant and Respondent.

*November 4—December 2, 1919.*

*Mechanics' liens: Sufficiency of letter as notice of lien: Service of notice in another county: Priorities in fund due from owner to contractor: Rights of contractor's surety and his assignee: Liability of contractor's surety for costs.*

1. Where the last labor and material for the erection and construction of a building were furnished by a subcontractor within sixty days of September 19th, when the subcontractor by its attorney sent a letter to the person who, as attorney and agent, represented the owner and the contractor's surety, which letter, though lacking the usual formality of a notice of lien and containing some immaterial matters, nevertheless stated the amount due the subcontractor for work, labor, and materials furnished, and claimed a lien, such letter was also such a notice as was required by sec. 3315, Stats. 1913.

2. The notice of claim of a mechanic's lien required by said sec. 3315 may be served on the owner or his agent in a county other than that in which the property is located, and need not, if service cannot be made in such county, be filed in the office of the clerk of the circuit court of the county.

3. A subcontractor on a building which has perfected its lien for work, labor, and material, the greater part having been furnished before the date of the contractor's assignment to a bank of funds or payments due from the owner, has a prior and superior right to payment from such funds over that of the bank.

4. In the subcontractor's action to foreclose its lien against the contractor, owner, and the contractor's surety as defendants, wherein a bank was interpleaded as assignee of the money due the contractor, and other creditors of the contractor intervened, judgment in favor of the assignee bank to recover

the balance of the money due the contractor from the owner, after deducting the amount of the judgment for the plaintiff subcontractor, is proper under the circumstances of the case.

5. A contractor's surety which has no claim for moneys previously paid by it on account of its liability as surety to release any lien on the owner's property or for any claims paid by it, and there being no other mechanics' liens constituting a superior and prior claim to that of a bank as creditor of the contractor on the funds received on the building contract, has no superior equitable right over that of the bank, assignee from the contractor of moneys due, to the amount due the contractor from the owner.

6. In the subcontractor's action to foreclose its mechanic's lien, the contractor's surety, made a defendant, is not entitled to be reimbursed for the costs, disbursements, and attorneys' fees it has incurred in litigating the issues, standing in such respect in the place of the owner, which, had it undertaken to litigate the issues, would have been liable for costs where the subcontractor and the contractor's assignee, which interpleaded, recovered.

APPEALS from a judgment of the superior court of Douglas county: SOLON L. PERRIN, Judge. *Affirmed on both appeals.*

This is an action to foreclose a mechanic's lien against property of the *Wisconsin Telephone Company* in which the *Equitable Surety Company,* as bondsman of the contractor, was made defendant, the *United States National Bank* was interpleaded as assignee of the money due the contractor, and the Higgins Manufacturing Company and other creditors of the contractor intervened to enforce payment of their claims out of the money due the contractor and claimed by the *United States National Bank* as assignee.

The complaint alleges, in substance, that Emil Sedlachek is a building contractor in the city of Superior, Douglas county, Wisconsin; that on May 10, 1915, the *Wisconsin Telephone Company* entered into a written contract with Emil Sedlachek as contractor to construct and to furnish all the work, labor, and materials necessary for the erection and construction of a three-story brick building on lots of the *Telephone Company* for the price agreed upon in said con-

tract; that A. C. Eschweiler of Milwaukee was named in the contract as the architect under whose supervision the work was to be done on the telephone building; that the contract provided that Emil Sedlachek might sublet portions of the work on the building, including the plumbing and heating plants shown in the plans and specifications; that Sedlachek, prior to June 1, 1915, commenced the erection and construction of the building and has since furnished all the work, labor, and material for construction of the building, partly, however, by means of subcontracts, and had entirely finished the building prior to the time of the filing of the mechanic's lien; that the building had been fully accepted by the owner, the *Wisconsin Telephone Company,* prior to the time of the filing of the mechanic's lien.

The complaint also alleges that before entering into the contract for the construction of the building Emil Sedlachek had furnished a bond as provided in the building contract for the faithful performance of his contract, which bond was signed by the defendant *Equitable Surety Company;* that on June 1, 1915, the plaintiff, *Neil & Company,* entered into a contract with Emil Sedlachek to furnish, as subcontractor, all the work, labor, and materials entering into the construction and installation of all the plumbing work and of the heating plant in the building for the consideration of $4,540; that this contract between Emil Sedlachek and the subcontractor, *Neil & Company,* was approved by the *Wisconsin Telephone Company* on June 14, 1915; that this plaintiff began the construction and installation of this plumbing work and heating plant on June 3, 1915; that it had completed its contract and its work had been approved by Emil Sedlachek and the *Wisconsin Telephone Company;* that plaintiff notified A. C. Eschweiler, the architect, and the *Wisconsin Telephone Company* that plaintiff had been employed as subcontractor to furnish the plumbing and heating of the building and that these notices were received by A. C. Eschweiler and the *Wisconsin Telephone Company* on or about June

30, 1915; that the work contracted for by plaintiff and some
extra work were completed September 18, 1916; that the
extra work amounted to $375.65 in value; that the total
owing to plaintiff by Emil Sedlachek is the agreed price in
the subcontract, $4,540, and the extra work $375.65, mak-
ing a total of $4,915.65, of which sum Sedlachek has paid
plaintiff $3,150, leaving a balance of $1,765.65 due him.
The complaint adds that plaintiff filed his lien on September
30, 1916, within sixty days after the completion of his sub-
contract; that less than one year has elapsed since the doing
of the last work on the subcontract; that on November 11,
1916, Sedlachek, together with defendant *Equitable Surety
Company,* entered into a contract in writing with the de-
fendant *Wisconsin Telephone Company* that the *Equitable
Surety Company* would pay or cause to be paid all lawful in-
debtedness due or accruing thereafter from defendant Emil
Sedlachek to subcontractors.

There is a balance of $4,907.65 due from the *Telephone
Company* on the building contract, and this balance was
turned over to and is now held by the *Surety Company.* The
*United States National Bank* of Superior claims an assign-
ment of this money executed by the contractor to secure
loans made to him by the *Bank* to finance the building con-
tract, and that there is a balance of $4,604.25 due the *Bank,*
payment of which is claimed out of this money held by the
*Surety Company.* Upon petition of the *Surety Company*
the *Bank* was interpleaded as a defendant. The *Bank* denies
plaintiff's right to a lien or to the money due from the *Tele-
phone Company,* and by counterclaim pleads the assignment
of this money and asks for judgment to recover this fund as
assignee of the contractor, and against the *Surety Company*
for money had and received for the use of the *Bank.*

Higgins Manufacturing Company, Dahlstrom Metallic
Door Company, Paine & Nixon Company, Baxter Sash &
Door Company, and John E. Eldred, Jr., intervened as de-
fendants, claiming to be creditors of the contractor for ma-

terials furnished, and claimed that the *Surety Company* is liable upon its bonds for their claims, and sought to have satisfaction out of the money it had received from the *Telephone Company.*

G. H. Winsor, as trustee in bankruptcy of the contractor, also intervened and claimed the money due the contractor from the *Telephone Company.*

The trial court made findings and conclusions upon which judgment was entered giving plaintiff a lien against the premises for $2,065.81, including interest, and $122.40 costs, making a total of $2,188.21, and adjudged foreclosure of its lien. The court found that the contractor had assigned the money due on his building contract to the *Bank,* but gave the plaintiff a preference to such money over the *Bank,* and awarded judgment in favor of the *Bank* for recovery of the money paid by the *Telephone Company* to the *Surety Company* ($4,907.05), less the amount of plaintiff's judgment ($2,188.21), namely, for the amount of $2,718.84. The court also awarded judgment dismissing the claims of the other defendants as subcontractors and materialmen and the trustee in bankruptcy to any right or interest in the moneys due Sedlachek as contractor from the *Telephone Company.* The *Bank* recovered costs against the *Telephone Company* and *Surety Company,* taxed at $46.86. Defendant Sedlachek had obtained a discharge from his debts in a proceeding in bankruptcy, and no judgment was awarded against him.

The *Telephone* and *Surety Companies* and the *Bank* appeal from the whole of the judgment.

The cause was submitted for the plaintiff on the brief of *Dietrich & Dietrich* of Superior; for the defendants *Equitable Surety Company* and the *Wisconsin Telephone Company* on that of *Paul D. Durant* of Milwaukee; and for the defendant *United States National Bank* on the briefs of *H. V. Gard* of Superior.

SIEBECKER, J.   The record discloses that none of the laborers and materialmen who are defendants and whose alleged rights to payment of their claims against the contractor, Sedlachek, out of the moneys held by the *Surety Company* from the *Telephone Company* have been disallowed by the judgment awarded, have appealed.   Their right to payment out of the fund in the hands of the *Surety Company* is therefore finally denied by the judgment of the circuit court.

The issues, therefore, on this appeal are: (1) Did the trial court properly adjudge that plaintiff has established its subcontractor's lien for labor and material furnished in the erection of the telephone building and that it has a preferred claim for payment out of the fund held by the *Surety Company;* and (2) Has the *Surety Company* any claim to such fund superior to the claims of the *Bank?*

The trial court found that the sum of $1,765.65 remains due to plaintiff on its contract for the furnishing and installing of the plumbing and the heating plant in the erection of the *Telephone Company* building, and that plaintiff failed to give the ten-day notice, but gave the sixty-day notice to the *Telephone Company* as required by sec. 3315, Stats., to perfect its laborers' and materialmen's lien provided for in this section.   The *Telephone* and *Surety Companies* do not assail these findings of the court, but the *Bank* insists that the court erred in so finding, for the reason that the evidence of notice of a claim of lien fails to establish the notice required by sec. 3315, Stats. 1913.   This statute provides that such lien claimant, "within sixty days after performing such work or labor or furnishing such materials, . . . shall give notice in writing to the owner, or his agent, of the property to be affected by such lien, if to be found in the county, and if neither can be found therein, by filing such notice in the office of the clerk of the circuit court of such county," setting forth specifically the things enumerated in the statute. We consider that the evidence in the case sustains the trial

court in finding that Paul D. Durant represented the *Telephone Company* and the *Surety Company* from and after the 7th day of September, 1916, as attorney and agent in the negotiation and adjustment of the transactions arising out of the contract for the erection and completion of the *Telephone Company's* building. We are also persuaded that the court correctly found that the last labor and material was furnished within the month of August and within sixty days of the 19th of September, when plaintiff by its attorney sent a letter to Paul D. Durant at the city of Milwaukee setting forth the plaintiff's claim for a lien for the work and material furnished under its contract for the erection of the building and the amount unpaid thereon. Though this letter lacks the usual formality of such a notice and contains some immaterial matters, yet in substance it is a notice containing a statement of the amount due plaintiff as subcontractor for the work, labor, and material furnished under its contract for the erection of the telephone building and makes a claim for a lien on the premises.

It is strenuously asserted that the service on Durant as agent for the *Telephone Company* is not in compliance with the provisions of sec. 3315, Stats. 1913, requiring that such notice must be given "in writing to the owner, or his agent, . . . if to be found in the county, and if neither can be found therein, by filing such notice in the office of the clerk of the circuit court of such county." It is urged that it is necessary under these provisions that service of such notice on the owner or his agent must be made in the county where the property is located, and, if such service cannot be made in such county, then such notice must be filed in the office of the clerk of the circuit court of the county. This construction precludes service on the owner or his agent outside of the county where the property is located. This, we think, is too strict and narrow an interpretation of the statute. The language used does not necessarily import that service of such notice on the owner or his agent can only be made in

the county where the property is located, nor does it forbid service of such notice on either the owner or his agent anywhere in the state. It however gives the lien claimant the right to perfect his lien, if the owner or agent cannot be served in the county, by filing such notice in the office of the clerk of the circuit court. It follows from this that plaintiff had the right under this statute to serve a notice of claim of lien on Durant as the *Telephone Company's* agent, as found by the trial court.

The plaintiff having perfected its subcontractor's lien, there can be no controversy as to plaintiff's prior and superior right to payment over that of the *Bank* for the work, labor, and material furnished, the bulk whereof had been furnished prior to October 22, 1915, the date of the alleged assignment to the *Bank*.

It is contended by the *Surety Company* that the court erred in awarding judgment in the *Bank's* favor for the recovery of the balance of the $4,907.05 after deducting therefrom the amount of the plaintiff's judgment. There is no controversy but that defendant Sedlachek owes the *Bank* the sums as found by the court and that this debt is in excess of the balance of the fund the *Surety Company* received from the *Telephone Company* after deducting plaintiff's judgment. The *Bank* insists that it is entitled to such balance as the assignor of the fund and creditor of Sedlachek for moneys it advanced to him in conducting his building operations, including the construction of the telephone building. The *Surety Company* asserts a superior and prior equity over the *Bank* to this balance of the fund it so received from the *Telephone Company*. In determining this question it must be borne in mind that the record shows that there is no other subsisting lien on the telephone building in favor of the contractor or any other subcontractor or laborers and that all of the intervening defendants in this action except the *Bank* have not appealed from the judgment entered herein and hence they are not in a posi-

tion to assert a claim to this fund held by the *Surety Company*.

Upon this state of the case it follows that there is no creditor of Sedlachek who has a superior claim to the fund held by the *Surety Company* to that of the *Bank* as determined by the judgment appealed from. The *Surety Company* claims that it holds this money as a trust fund under the provisions of the statutes and the building contract of the *Telephone Company.* Such a trust fund is, however, conditioned on the event that the claimants thereto are persons entitled to a lien on the premises on which the building is erected and that the owner is liable for such claims. As heretofore indicated, no such lien claims are shown to exist. Nor does the record show that the *Surety Company* has any subsisting claim for moneys heretofore paid by it on account of its liability as surety to release any lien on the *Telephone Company's* property, or for any claims it has paid that constitute a superior and prior claim on the funds it received on the building contract to that of the *Bank* as creditor of Sedlachek. Under these facts it is not shown that it has a superior equitable right to this fund to those of the *Bank*. The claim that the *Surety Company* is entitled to be reimbursed for the costs, disbursements, and attorney's fees it paid and has incurred in litigating the issues in the instant case is not well founded. In this respect it stands in the place of the *Telephone Company*. Had the *Telephone Company* undertaken to litigate the issues raised by the pleadings there can be no question that it would have been liable for costs in the action in view of the recovery awarded the plaintiff and the *Bank*.

We find no reversible error in the record.

*By the Court.*—The judgment appealed from is affirmed on both appeals, the plaintiff to recover costs against the *Surety Company*. The appellant the *United States National Bank* is not to recover any costs in this court nor be liable for costs to the plaintiff or the *Surety Company*. The *Surety Company* to pay the clerk's fees.